Good morning, Judge McEwen, and may it please the Court, David Glassman, GLASMA, and Deputy Attorney General for the award and the appellate in this matter. Your Honor, I'd like to please reserve three minutes for rebuttal. How many? Three. All right. Thank you. In this state habeas corpus action, the petitioner received adequate and explicit notice that he faced a sentencing enhancement under state law. The district court erred in concluding otherwise. And the district court further erred, either whether interpreted by the Supreme Court's decision in Teague v. Lane or by congressional action in enacting the AEDPA, in deciding that the grant of relief was compelled by Supreme Court authority. I will demonstrate that it was not. First of all, that it certainly was not dictated by the only relevant Supreme Court precedent in this area, which is the case of Cole v. Arkansas. And that, in fact, this case is directly contrary to a much closer approximation of these circumstances that a panel of this Court addressed in Gaunt v. Lewis three years ago, in a case in which Judge McEwen participated. But the first thing that I will show is that, in fact, this petitioner explicitly received adequate notice of this charge. The facts in this case are as follows, and I'm only, obviously, summarizing the relevant facts underlying the issue before the Court. The petitioner was charged with attempted murder. In addition to that, he was charged with a state sentence enhancement allegation that the murder was committed for the benefit of a criminal street gang, within the meaning of California Penal Code Section 186.22b5. Now, in California, Penal Code Section 186 operates in a variety of contexts, depending upon, ultimately, the conviction at issue. And so, for example, if, as here, a defendant is charged with an attempted murder that is potentially a premeditated crime, that defendant faces, under the charged offense and the charged enhancement, a minimum parole eligibility term of 15 years. It is also true, and it would be known to any lawyer, any competent lawyer representing a defendant in a case like this, and it was certainly known to this defense attorney, that if there was, ultimately, a conviction for a lesser degree of attempted homicide, other provisions of 186 would apply. If charged. Well, that's the $64. That's the question. We have this circumstance where the lawyer basically says, I'm reading number five. I'm trying to benchmark my client and the chances of whether he's going to end up there. I don't want to tick off the jury, so I'll just go with the premeditation, forget the gang. And he says this multiple times. Now, one could argue that he's trying to thread the needle, recognizing that the state has not charged these other things. I mean, that's certainly one. But he puts it right out there, and nobody says anything. And he says, so I'm not even going to deal with the gangs. And he is only charged under number five. So where is the notice that he's also charged under every other possibility if number five doesn't stick? Because what he is charged with is an offense committed for the benefit of the gang. Whether or not in the interpretation of a jury deciding the crime ultimately committed, he is convicted of something less than the ultimate charge the prosecution seeks. That is not a lack of notice. If one can look at the charging document and see that the enhancement is specifically alleged, then one cannot complain of lack of notice. Who put down B-5? The government. And he said openly on the record, as Judge McKeown indicated, what he understood that to mean. And nobody said different. So what notice is there? I mean, if the sign says turn right, and there's another sign that says turn left, and he says I'm turning right, and nobody says anything different, how can he be faulted for turning right? Because what he is deciding to do in turning, Your Honor, is he is making what in his view is a strategic decision. Now, leaving aside for the moment. Is it not a strategic decision? If it is a strategic decision, it only is because of an awareness of certain circumstances. And those circumstances include notice. So, for example, prior to trial, when the judge in the preliminary hearing, the probable cause hearing, says it's alleged as 186B-5, it's more properly considered something else, but I'll leave that, you know. Actually, I think it's the other way around. Okay. But this changed to B-5 in response to the judge's comment, which is why it's difficult for me to accept the proposition. What the government did in changing it to B-5 doesn't count for anything, which is essentially what I hear you arguing. Because I would submit that at no time, two things. First of all, and again, whether it's viewed in the light of VA or NT, the question is, is what happened here, where there is notice in a charge, and the notice, I submit, is not reasonably restricted and confined only to that maximum charge. The idea to carry forward the idea that's being proposed, it is that somehow the government is saying, if we are successful in the most serious crime that we believe was committed here, there will be a sentence enhancement that will imprison you for at least 15 years. But if, for example, the jury comes back with something less than that, we are going to forfeit our opportunity to seek the enhancement. I don't think that a reasonable attorney would understand that that was going on here. And I don't think that when the attorney said that was his understanding, nobody said anything different. But the question is, ultimately, whether that constitutes notice. And so short of someone's notice of what? Does this information constitute notice of, well, we said B-5, but we mean something else? And the attorney stands up and says, I take this the way it reads, and I'm telling everybody, I'm not trying to defend against the gang allegation because it really doesn't matter much if he gets convicted on that. And nobody, not the prosecutor, not the trial court, says anything different. Well, nobody says, for example, what is said in Gaught, which is we're not alleging that. That is not what we have to show. Gaught is a case in which the prosecutor explicitly tells the jury all we have to show is that a gun was used, was involved in this crime, not that it was discharged. That's what the State's telling us now. We may charge under B-5, but you don't take that seriously because we don't have to actually prove what we charge. Your Honor, one crime was charged here. There is no rule. There's certainly no rule under Cole v. Arkansas. There's no rule under Gaught. There's no rule that says that in that information, the alternative would be, apparently, that in the information in the charging document, the government would have to say, our intention is to prove a premeditated murder, in which point the 15-year parole minimum applies. Barring that, failing that, we're also putting you on notice that if the jury comes back with a lesser degree of homicide, here are all the potential variations of 186 that might apply. Maybe it'll be a 5-year enhancement. Maybe it'll be a 10-year enhancement. That is in no meaningful way an expression of notice. And certainly... Can you just explain how this worked as a practical matter? When you get to the end of the trial and the jury is asked to make a determination on the gang and the premeditation, how did that play out in the verdict form, and how does the lesser play out? The jury finds, in this case, they do not find the allegation of premeditation and deliberation. Therefore, they find an unplanned attempted murder. In addition to that, when they are asked whether or not it is true that the crime was committed for the benefit of a gang, in this case, the jury returns a true finding. And, of course, the number is irrelevant to the jury, the statutory number. And, as the court indicated in God or implied in God, the number is irrelevant to the court. That is to a reviewing court, state or federal. And the state appellate court said the same thing here. So the jury has made the exact same factual finding that they would make in the case proposed by this petition. And the problem, from Mr. Lee's standpoint, is that he was not on notice that he needed to put on a defense to the gang element, so long as only subsection 5 was at issue, because he thought he could beat subsection 5 on a different ground. It turns out he was right, too. But the point that I have attempted to make, Your Honor, is that I think in a jurisdiction in which it is well understood that a 186 enhancement will apply to an attempted homicide, no one was, in effect, acknowledging that by virtue of specifying only the maximum potential enhancement, was there a forfeiture with a lesser enhancement. I shouldn't say no one. The defense attorney was very explicitly stating that, saying, listen, the only thing I see at issue is B-5 with respect to gang, and I think I can beat B-5 without going into gang. Therefore, I'm not going to do gang. So you can't say no one. The defense attorney was, and he was doing so very explicitly. But my interpretation of all of that resistance is that that indicates just the opposite, namely, he is on notice. He is aware of the allegation, and he is aware when the court has told him that the court is going to allow the matter to proceed as alleged. There is no acknowledgment or indication where there is any agreement at any point in this case. What else could the court do? I mean, there was a first-degree murder, premeditation, so forth, a claim or charge that would trigger B-5. So there's nothing for the court to hold back on. What I'm curious about, and I've been in trials and things slip by, but it wasn't just once. There were multiple occasions where the defense attorney lays out his theory. In fact, the fact that he's laying out his theory suggests to me he understands. You're whistling past the graveyard a little bit, except you expect the person on the other side of the room to jump up and say, that's not how it is. And nobody ever does that. So now he's established his reliance, and it's not implausible that, hey, I don't want to talk about gangs if I don't have to. And so he's real happy being where he is, and nobody tries to disabuse him of that. Well, to one of your points, I think it's highly implausible. It's highly implausible to say in a case in which there is abundant gang evidence, evidence that he commits a crime with gang associates, evidence that he is armed, evidence that he is an acknowledged member of the gang, evidence that a gang expert will identify him as such, to say, because we were looking at a potential life crime, I was going to open the door and allow without any counter all of this gang evidence, because the enhancement would essentially be superfluous in light of the underlying crime. He ultimately is, a portion of the sentence, he receives five years on the underlying sentence in this case, and ten years for the enhancement. So he was facing a significant period of incarceration on the gang allegation, however one proceeded to get there. But to say... It gets you down to then the question of if there was error, was it harmless error? Yes, I will address harmless error, and since I have a little bit of extra time, I won't be greedy hopefully, but I did want to add another point in response to Judge Clifton's observation, and that is getting back to what bars this. Since, as I've indicated, there is, just as in this case, there is a charge. There is only one level, if you will, of charged offenses, and the fact that there are multiple potential lesser crimes and lesser penalties that may ultimately result in this case. The question for this Court is, is that barred by Cole v. Arkansas? A case that says nothing about lesser crimes, a case that says nothing about warning about penalties. So, given the standard of review that we are addressing in this case, I am simply asking the Court to consider, in addition, that aspect of the case, and not simply how one might view these facts under de novo review. Okay, let me interrupt myself before you get to my other question. Yes. Is there, you know, the Cole case doesn't quite fit, the Gough case doesn't quite fit. Is there a case that addresses this issue of the lesser included in your view? The closest case in my review, Your Honor, is Gough, and it is close for many reasons. I'll quickly identify those reasons, and then I will move to your earlier question about harmless error. The charging information, unlike in Gough, placed the petitioner on notice that the enhancement was being sought. In Gough, a sentence that had nothing whatever to do with the conduct charged was imposed. In Gough, the prosecutor specifically disavowed reliance on the theory that would underlie the ultimate enhancement. This is exactly the opposite, namely the language is the same, and as I indicated, the finding is the same. In Gough, the verdict form had no requirement of finding the relevant facts that were used to impose the enhancement in Gough, which is why, in my view, it's a problem far beyond notice in that case. It's a far more fundamental due process violation. Gough wasn't merely convicted of a crime he wasn't charged with. He was never convicted of that crime at all. So, I mean, it goes, it seems to me, far beyond that. In Gough, the state court opinion, and again, both are AEDPA cases, the state court opinion does not address the facts in a meaningful way, does not analyze the case. In this case, we have a reasoned decision by the state court that discusses the arguments that are still at issue today. I will now turn to your point about harmless error. The first question that must be answered is whether or not this is structural error. And as I think this court is aware, and as the district court recognized, this type of error has never been deemed structural error. So it is, I submit, a further error by the district court in deeming it to be structural error. But ultimately, to the point of harmless error, and this also, I think, returns to observations you made, Judge Clifton, and that is, in the harmless error context, and in the habeas corpus context, more specifically, where Brecht v. Abrahamson applies, it is not enough to say, with respect to a showing of harmless error, what the district court said and what this petitioner has alleged, which is, well, we would have proceeded differently, notwithstanding the fact that there was all this evidence. So the question really is, what would demonstrably have been different in this case had this election been made otherwise by this lawyer that he claims, even though we have no real articulation by the lawyer of why it is, that you would now decide not only, A, to contest this gang evidence, but, B, what would contesting it have produced? So if the lawyer says, and counsel, I'm sure, will tell the court, how this defense attorney, a renowned lawyer, and that is not an overstatement, a very well-known defense attorney in California, how he would have dismantled this proof of gang association? Because unless we can say that the enhancement was going away as a factual matter, it is harmless error, and it is harmless under Brecht. So that if there is a failure to give notice, which obviously we dispute, that can be harmless error, and it was in this case. And, in fact, finally on that ‑‑ Can I ask you a ‑‑ Yes. This is kind of a technical question divorced from the facts of the particular case. Yes. This is ENPA. Yes. And we ordinarily defer to some degree to findings by the state court. Yes. The state court found no error. Yes. Therefore didn't get to the question of harmless error. Does that mean, then, that we simply apply Brecht with no deference to anything else, it's just straight Brecht? You've argued Brecht in your brief, and I'm asking you, is that why you argue Brecht in your brief? No, Your Honor. It does not end the analysis because I submit that the state court does address prejudice and does, in the alternative, make factual findings that would be entitled to deference. The only thing you've argued in your brief is Brecht. Well, I'm sure, Your Honor, that ‑‑ and I don't want to waste the Court's time flipping through my brief, but I'm confident that we address the State Appellate Court's opinion, and if I can direct this Court to the ‑‑ The only thing you argued standing in front of us is Brecht. I'm sorry? Until right now. Okay. Well, then, in my brief time remaining, and as I said, I believe this has all been preserved in the brief. Your reasoning time remains. All right. Well, then, all I'll simply say is that we have, indeed, argued factual findings and harmless error determinations. They are in the excerpts in the form of the State Appellate Court's opinion. That Court found an error under ‑‑ harmless under Chapman. It would clearly, then, be harmless under Brecht. Thank you. Thank you. Thank you. Good morning. May it please the Court. My name is Bill Ginego, and I represent the appellee, Jason Lee. Mr. Earley certainly had noticed that his client could be charged with multiple other enhancements. He did not have noticed that he faced an enhancement under Section B1c. And the case would be much different if he had not come forward and said, this is the way that I read this information. A defense lawyer's job is to defend against the charges that you're presented with. And there's two ways to look at what Mr. Earley did. One is, well, he had noticed, as Mr. Glassman says, that he was charged with a gang allegation. He keeps saying that he was charged with a gang enhancement, and that's an important distinction, and on that point, he's wrong. There's a gang allegation in 186.22. Then there are subdivisions. Some are those of enhancements. Some of them are alternate penalty provisions. So when he keeps on saying that he had noticed that he was charged with enhancements, that is technically and factually incorrect. Did Mr. Earley have noticed that he could have been charged with something else? Of course he did. He was charged differently in the complaint, in the superior court. What the prosecution could have done was to charge 186.22b. And that then would have given everyone notice that he faced and needed to defend against everything below that. When the district attorney decided to charge it under b-5, he made it an election. But if you step back on his name, it makes no sense that you have a murder charge, and if it's not premeditated, then it just disappears. I mean, that's in effect what your argument boils down to, right? Because he didn't have notice. If he doesn't get convicted on premeditation, well, there it goes. Just somehow there's something. I can walk all the way through your brief and be totally convinced, but then I come back to this little niggling common sense problem. So help me out on that. I will. The reason that one could reasonably understand that the district attorney had made that election is that they wanted the first degree. They wanted the life count here. So they had alleged that not as a b-5 alternative penalty, and instead had alleged it as an enhancement under b-1c, they would have had to then give the jury the option of also causing there to be attention at the lesser offense. So that the jury, they wanted to make sure that the jury had a stark choice. They wanted the jury to have to convict him of the first degree premeditated attempted murder. If they had charged it as b-1c, they would have had to talk about, and the verdict form would have had to incorporate the fact that they could convict him of the lesser included. Isn't that what happened? That is what happened, and that's what they wanted to avoid, by not charging it as an enhancement and keeping it under b-5. And that's what actually happened, is that the jury doesn't go for the big charge because of the premeditation. The gang issue permeated through the whole case. It didn't go away just because we didn't talk a lot about it. That is true, but the way that it was presented to the jury in the verdict form, which is at the excerpt of record 117, is that it was said that it was being alleged under, and that it was being found true under 186.22b-5. And that has to go to the premeditated, right? So my point is that as a prostitutor here, you could have made a strategic decision that I do not want to also list in here that it's b-1c, because at that point, the jury then is going to be able to see that, okay, there's a lesser included here. We can find him guilty of the gang allegation, and they're a lesser included, and I don't want to talk about the lesser included. And I want to make sure that I clarify that, because what the lesser included is here is attempted murder is a lesser included of premeditated, first-degree attempted murder. Let me ask you, what was your client convicted? He was convicted of attempted murder, and they found the allegation that it was premeditated to not be true. Okay, but he was convicted of attempted murder. Correct. And we know that from looking at the verdict form, right? That's correct, yes. And was he also, in connection with his conviction, was it determined that he undertook this in connection with the criminal street gang? The jury did make a true finding as to that paragraph in the verdict form. So he's convicted of attempted murder along with the gang finding. I think that it's different because it does say 186.22b-5 in the verdict form. And if you notice, one of the things that happens here is in the court of appeal, when they rule against Mr. Lee, they change it. And that's the same thing that the Arkansas Supreme Court did in the Cole case, and it's the same thing the court of appeal did in the Gough case. I mean, they do the same thing. They realize that he was convicted under a different section, and they try to fix it by changing it after the fact. But there is a difference in the Gough case in terms of the nature of what he was convicted for. So here, the gang allegation stays the same. It's just the nature of the murder, correct? That's exactly right. It goes from being an alternative penalty to the first degree to being converted to an enhancement. It was never charged as an enhancement after the preliminary hearing. And that's an important distinction because that's what Mr. Early was saying. He is looking at the information, and he's saying, we have notice of the alternate penalty provision under B-5, but the way that I read this, that's all that he charged. There's a strategic reason the prosecutor might have done that, and he's doing what he can at that point. I mean, he could say, well, you could also charge him with mayhem. You could also charge him with ADW. But that's not what his job is. Well, but see, that maybe you'd get into the Cole or you'd get into the Gough. He's still charged with it. He's charged with attempted murder in connection with the gang. That's correct. And I'm sorry if I'm interrupting you. He certainly has notice of the conduct. That's something that I think we all agree. He had notice that he was charged with committing some crime for the benefit of a gang. But if you look at Cole and if you look at Gough, what they stand for is that you need more than notice of conduct. Because if you just had notice of conduct, it would then be the defense lawyer's job to go through the penal code and see how else could this be charged. And that's not that Cole says you can't do that and Gough says you can't do that. You need something more than notice of the conduct. And they were not less, once you take the attempted murder and then you add on the allegation in one instance and the alternative penalty provision in the other, so you look at those, for example, as a unitary charge, they're not lesser included. Because if you look at 186.22B, right in the beginning clause, it says except as provided in B4 and B5. So they are mutually exclusive. One requires proof that it's an offense that carries life imprisonment, which is B5. B1C requires proof that it's a violent felony. So that's not something the jury determines. It is ordinarily that that would be something that the jury would make a determination. This is a violent felony. And they didn't make that determination and it wasn't charged. They would ordinarily do that. But they wouldn't have to make that determination. They actually – That's my question. Yes, they would. I mean, I don't mean to – Is that the practice in California? That is the practice in California. I guess I'm questioning whether that is a pure legal question as to whether something is a violent felony. It is ordinarily – well, an enhancement has got to be alleged. And if you look at the subdivision that they're saying that he got the extra 10 years for B1C, it says it's a violent felony. So that would ordinarily be included as an allegation. That was my point before. They didn't want to put that in there because then the jury could figure out that this applies to the lesser included. But it ordinarily is – and I think under California law, if you look at 1170.11, you have to allege an enhancement. And under B1C, that's an enhancement. And the critical fact there is that it's a violent felony. Now, what the court of appeals says is that, well, everybody knows that this is a violent felony. I didn't. I had to look it up in the penal code. And I wouldn't have had that notice if I was defending this case unless it was – Was it an attempted murder? That's right. That's right. You didn't know that was a violent felony? There's serious felonies under 667. And then there's violent felonies. And they're all defined differently. And there's really no rhyme or reason why some are in the violent felony and some are in the serious felony. Is it simply a list? I mean, defined under what, 11 – 667.5, is it lists the specific offenses and penal code sections and the like? That's exactly right. So if you had noticed that the charge was a particular – that it was a violent felony and a serious felony, you could go to the list and figure it out. I'm not saying I couldn't have done that. But I wouldn't have thought to do that because I would have looked at it as a B5 charge. And so I do think that it really is legally distinct. It's not a lesser included. One is an enhancement, and the other one is an alternate penalty. And they both require a proof of different things. Let me ask you this. I think I know the answer, but I want to make sure. I'm looking at the verdict form that's on ER-117. The verdict form has typed in, we find him guilty. Obviously, there was another sheet that the jury had in front of it if it was going to acquit. Did that just say, we find him not guilty, signed at the end of that? Or was it more elaborate? I'm trying to figure out what information, what forms in total the jury had in front of it. I was looking for that as I was sitting there, and I was surprised that it wasn't here. And I honestly can't remember exactly what it said. But I – Okay. Because I'm trying to figure out what the jury thought it was deciding. And obviously, I know what's on this piece of paper, but I don't know what was on the other piece of paper or the pieces of paper. Yeah. Okay. I don't know. A similar unthought-of and advanced question. I mean, the last, the true, the gang allegation does make specific reference to 186.22b-5. Correct. Do the instructions tell anything to the jury about what that section says? I mean, is that number just there for them to glaze over, or did they have any information about what that was about? I do not believe that the instructions explain to the jury. I would sort of be surprised if they did, but it struck me it's here in the verdict form, and maybe they said something. I – Because your position is they could – they answered this question. They weren't told not to answer the question. They answered it true, which they couldn't because they wouldn't get through B-5. But it presumably was a reference that didn't mean anything to them. That's right. And the judge actually imposed the 10-year enhancement under B-5 when he imposed the sentence, which makes it even more peculiar. I wanted to get to the – what I think is structural error, but also about the – why it was prejudicial even if there's not structural error. And that is really addressed in the footnote on page 51 of my brief, footnote 15. There are a list of arguments there that Mr. Early could have made about why the gang enhancement would not apply here. Mr. Lee was not even present when the offense began. So is there evidence that some of the other folks who were there at the outset, Edward Kim and Billy Kim, there is this exchange? Where are you from? So at that point, you know something's going down about a gang. There's no evidence that Mr. Lee is even there at that point. Well, there's evidence that – affirmative evidence that he's not. That's exactly right. That's exactly right. Thank you. And so – and there's no mention of anything about gangs while this is going on. Nobody shouts anything or claims anything or does anything like that. And there's – so there could have been these arguments that Mr. Early could have made, but for him saying, listen, I don't want to talk about gangs. I mean, it's – no one wants to talk about gangs if you don't have to. And he was saying, listen, I'm not going to talk about this. And I could, but I'm not going to. If you go back and look at the preliminary hearing, his cross-examination of the expert, it's much different than it was at trial. I mean, he did hold back, and there are obvious arguments that he could have made, and that really is what COLE is about and that is what GAWT is about. The principle is that you have to have notice of what you need to prepare your defense. And if he was going to prepare his defense, he had to know that they were going to go for the enhancement as well as the alternate penalty. They could have done that by charging both or they could have done that by charging 186.22B. But what they decided to do was they decided to elect one of those. He stood up and said, this is how I read this. And at that point, he is proceeding on the assumption that he's given them notice that this is how he understands the information. And I think that at that point, he has explained his understanding of what he is charged with. And that's different than what he had noticed what he could have been charged with. And I think what the state's argument really is that he had noticed that he could have been charged with this, and therefore, we shouldn't let him get away with not defending against it. And I'm sorry, that's just not the way the information reads, and it's not the way the process works. Thank you. Thank you. We have a minute. In rebuttal, if at any point in this record this defense attorney had said at the conclusion of these proceedings, oh, my, I'm quite surprised to see this gang enhancement rearing its head again because I thought we had resolved this. Who would have a record that looks like that? There is every indication that although he opposed it and resisted it, he was, in fact, aware because there, in fact, was notice. My final point, I will quote from Gott. This is not a situation in which the numerical citation was incorrect or the verbal description of the crime corresponded, nor is this a situation in which citation to one statute necessarily encompassed another lesser included. As the Court indicates in Gott, those would be permissible. That is what occurred in this case. Well, I'm not sure the Court indicates that those would be permissible. The Court in Gott is saying this is not the case we have in front of us. That's a different statement. The only point in distinguishing those circumstances, Your Honor, I think a reasonable reading is that they would be adequate if present in another case, and it is because they are. No, no, no, no, no, that's not true. That might be a harder case. That might be a different case. That's not this case. Here's what this case is, and here's what we hold in this case. Well, and in this case. And I want to add, we're not controlled by Gott in one sense. We don't look to what the established law is in the Ninth Circuit. We look to what the established law is in the United States Supreme Court, and the established law in the United States Supreme Court comes from Cole and maybe other cases, and the question is how you read Cole. I completely agree, and ultimately there is a lot of daylight between what happened here and what Cole dictates. And so to say, as counsel has said, that, well, this is controlled by Cole, in our view that simply goes well beyond anything that Cole either, well. Well, of course, it depends on how you read Cole. If Cole stands for the proposition that the defense needs fair notice of the charge against which the defense is to be made, you know, that's a fair reading of Cole. That's pretty broad. Then you just look at the notice. Only, and it is only relevant in this context, as you know, Your Honor, if Cole dictates the result of the district court and we submit it does not. Thank you. Thank you. I want to thank both counsel for your excellent argument this morning. Lee v. Small is submitted and we're adjourned. All rise. The Court of Discussions has adjourned.
judges: McKeown, Fletcher W. , Clifton